# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24128-CIV-MARTINEZ/OTAZO-REYES

JARVIS ARRINGTON, GENEVA BLANCHARD,
and SANDRA MUNSTER, individually and on
behalf of all others similarly situated,

      Plaintiffs,

vs.

BURGER KING WORLDWIDE, INC., BURGER
KING CORPORATION, RESTAURANT
BRANDS INTERNATIONAL, INC., and
RESTAURANT BRANDS INTERNATIONAL
LIMITED PARTNERSHIP,

      Defendants.

_____/

## ORDER DENYING LEAVE TO AMEND

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Leave to Amend ("Motion") (DE 71). The Court has reviewed the Motion, response and reply thereto, and is otherwise fully advised. For the following reasons, the Motion is **DENIED**.

### I.    Introduction

On March 24, 2020, the Court granted Defendants' Motion to Dismiss Consolidated Amended Complaint (DE 67) and determined that Plaintiffs' allegations of concerted action regarding the No-Hire provision of the Burger King Franchise Agreement were insufficient to state a claim under Section 1 of the Sherman Act. (*Id.*: 12). In reaching this conclusion, the Court observed that the allegations of collusion were wholly coextensive with the terms of the standard Franchise Agreement and expressed concerns about the potential futility of an amended pleading given the controlling significance of that agreement to Plaintiffs' claim. (*Id.*). Nevertheless, the

1

Court permitted Plaintiffs to file a motion for leave to amend their pleading and "allege and identify, with particularity, any additional facts that may operate to establish Section 1 liability, with a focus on concerted action." (*Id.*). Plaintiffs thereafter submitted a Proposed Amended Complaint in attempt to remedy the insufficiency of the Consolidated Amended Complaint. (DE 71-1).

## II.    Legal Standard

Under Rule 15(a), leave to amend shall be "freely given when justice so requires." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). However, leave to amend may be denied where futility of the amendment is demonstrated. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "[T]he crucial question in determining whether or not a proposed amended complaint states a claim—and therefore whether the amendment would be futile—is whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Estate of Faull by Jacobus v. McAfee*, 727 Fed. Appx. 548, 551 (11th Cir. 2018) (emphasis omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.    Analysis

Applying these standards, the Court must consider whether the proposed amended pleading alleges sufficient facts, accepted as true, to establish that BKC's franchisees are separate and competing economic actors for antitrust purposes. In allowing Plaintiffs an opportunity to seek leave to amend their complaint, the Court invited Plaintiffs to make allegations that are not "wholly

coextensive with the standard franchise agreement before the Court." In material respects, Plaintiffs have failed to do so.

Although Plaintiffs' new allegations further unravel how Burger King and its franchisees compete in the market for labor, (DE 71-1 ¶¶ 33-46, 63-80, 94-101), and Plaintiffs continue to emphasize that "the Court must undertake a fact-based evaluation of whether, but for the alleged No-Hire Agreement, they would otherwise be separate and independent decisionmakers with respect to their employees, (DE 71: 10), these matters were already considered in the dismissal order. The Court agrees with BKC's observation that "Plaintiffs do not break new ground, thereby rendering their proposed amendment futile." (DE 72:7). Specifically, Plaintiffs amended pleading is predicated on the same theory this Court already rejected, namely, that micro-competition in the realm of labor is sufficient to classify two entities as independent source of economic power for Section 1 purposes without taking stock of the broader relationship between with parties.

As previously set forth in the Court's dismissal order, absolute economic unity is not a requirement for Sherman Act compliance. *See, e.g., Chicago Professional Sports Ltd. Partnership v. National Basketball Ass'n*, 95 F.3d 593, 598 (7th Cir. 1996) ("Even a single firm contains many competing interests . . . . The first division might want to . . . maximize income (and thus the salary and bonus of the division's managers); the second division would might want to maximize . . . paper profits. Conflicts are endemic in any multi-stage firm . . . ."). This is not a question of fact, but a matter of law. Because the proposed pleading, taken in the light most favorable to Plaintiffs, has not established that BKC and its franchisees are separate economic actors for antitrust purposes, amendment would be futile.

3

Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion for Leave to Amend (DE 71) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of August 2020.

_____
JOSÉ E. MARTINEZ
UNITED STATES DISTRICT JUDGE