UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24128-CIV-MARTINEZ/Sanchez

**JARVIS ARRINGTON,** *et al.*,

    Plaintiffs.

v.

**BURGER KING CORPORATION**, *et al.*,

    Defendants.

_____/

# ORDER

**THIS CAUSE** is before the Court on the Parties' Joint Motion to Amend the Scheduling Order [ECF No. 135], filed on December 11, 2025. The parties seek to extend all trial and pre-trial deadlines. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the following reasons, the Motion is denied.

On April 24, 2025, the Court entered a Scheduling Order [ECF No. 117], establishing, among other deadlines, a November 23, 2026 deadline to complete discovery; an August 6, 2026 deadline to complete mediation; a January 8, 2027 deadline for summary judgment and *Daubert* motions; a March 18, 2027 deadline for all pretrial motions; an April 2, 2027 deadline to submit a pretrial stipulation; and an April 26, 2027 deadline to file proposed jury instructions and verdict form. (*See id.* 4–5).[1] Trial is scheduled for the Court's two-week trial calendar beginning May 3, 2027. (*See id.* 1). Despite this generous timetable, the parties now seek to extend almost all the Scheduling Order's deadlines, including the trial date, by five months. (*See* Mot. 3–4).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

A district court's scheduling order may be modified "only for good cause[.]" Fed. R. Civ. P. 16(b)(4) (alteration added). This good cause standard precludes modification unless the schedule "'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983)). "If [a] party was not diligent, the [good cause] inquiry should end." *Id.* (alterations added). Applying such a diligence standard is "consistent with important policy considerations[,]" namely, that once deadlines have been set, these deadlines will be enforced and can therefore be relied upon. *Pugh v. Kobelco Constr. Mach. Am., LLC*, No. 08-cv-241, 2010 WL 2574174, at *5 (M.D. Ala. June 23, 2010) (alteration added), *aff'd*, 413 F. App'x 134 (11th Cir. 2011). "Otherwise, the deadlines are meaningless." *Id.*

The parties have not shown that all deadlines in the Scheduling Order could not be met "despite the diligence of the part[ies] seeking the extension." *Id*. (alteration added). The Scheduling Order was entered in April 2025 (*see* Apr. 2025 Scheduling Order [ECF No. 117]) — nearly eight months ago — yet the parties offer no explanation of what diligent efforts they have undertaken from May to present to obtain documents, hire experts, or conduct depositions. (*See generally* Mot.).

The parties state that "Defendants' Answer and Initial Disclosures identified certain changes to Defendants' corporate structure during the pendency of this litigation," which will require the operative pleading to be amended. (Mot. 2). But Defendants' Answer [ECF No. 126], was filed on May 21, 2025, and Plaintiffs do not explain why they waited nearly seven months to seek leave to amend their First Amended Complaint [ECF No. 118] based on purported changes to Defendants' corporate structure. (*See generally* Mot.). The parties have been provided ample time to complete discovery and include the correct Defendants in the action. (*See generally* Apr.

2

2025 Scheduling Order).  Because the parties have not demonstrated diligence, their request for a modification of the pre-trial deadlines and trial date is denied.  Nevertheless, given the parties' agreement, the Court will grant a 30-day extension of time for the parties to conduct additional discovery and for Plaintiffs to amend their pleading to reflect Defendants' updated corporate structure.

Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion to Amend the Scheduling Order **[ECF No. 135]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of December 2025.

*[signature]*

_____
**CECILIA M. ALTONAGA** *for*
**JOSE E. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record